IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-02940-CMA-BNB

HERMAN BARNES,

Plaintiff,

v.

ALLRED,

Defendant.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

_____

This matter arises on **Defendant's Motion to Dismiss** [Doc. #36, filed 08/01/2011] (the "Motion").  I respectfully RECOMMEND that the Motion be GRANTED.

## I.  STANDARD OF REVIEW

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss, the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of the plaintiff.  City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976).  The complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief.  Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007).  "The issue is not whether a plaintiff will ultimately prevail but

whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

## II.  BACKGROUND

The plaintiff filed his Prisoner Complaint on January 18, 2011 [Doc. #7] (the "Complaint").  The Complaint asserts three claims against defendant Allred, the Clinical Director of the United States Penitentiary-Administrative Maximum in Florence, Colorado ("ADX"), for improperly treating his diabetes.[1]  The Complaint contains the following allegations:

1.  On three different occasions, defendant Allred discontinued medical treatment which had been prescribed for the plaintiff prior to his incarceration at ADX.  *Complaint*, p. 4.[2]

2.  Allred reduced the plaintiff's finger stick test for glucose from twice daily three times a week to once a week.  Id. at p. 4, 7.

3.  On January 20, 2009,  Allred discontinued the plaintiff's diabetes medication, Glyburide.  On February 27, 2009, Allred discontinued the "glucose gel" that he was taking for low blood sugar.  The plaintiff now has nerve impulses that feel like "a frog jumping under [his] skin."  On December 29, 2010, the plaintiff requested that his diabetes medication, Metformin, be renewed, but it has not been renewed.  Id. at p. 4, 6.

4.  Allred discontinued the plaintiff's "diabetic recovery sack to less than half of what

---

[1]Any other claims the plaintiff may be attempting to assert are unintelligible and will not be recognized.  See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based").

[2]The Complaint is not consecutively paginated.  Therefore, I cite to the page numbers of the Complaint and its exhibits as they are assigned by the court's docketing system.

the plaintiff had been getting in diabetic recovery sack for 5 years." Id. at p. 4.  The former

Clinical Director had the plaintiff on a diabetic recovery sack that on Mondays, Wednesdays,

and Fridays contained two slices of bread, peanut butter, two jellies, fruit, and Kool-Aid.  On

other days, the sack contained two slices of bread, two slices of cheese, fruit, and Kool-Aid.  On

December 19, 2010, Food Services started putting just one slice of bread and one slice of cheese

or peanut butter in the sack.  Defendant Allred ordered the change.  Allred told the plaintiff that

he could buy something from the Commissary for his low blood sugar.  The plaintiff explained

that he has not had money in 15 years.  Id. at p. 5.

The plaintiff seeks injunctive relief in the form of reinstatement of his previous diabetic

recovery sack and blood glucose finger sticks.  He also seeks $250,000.00 for each of his three

claims.  Id. at p. 10.

### III.  ANALYSIS

The defendant asserts that he is entitled to qualified immunity.  *Motion*, pp. 10-11.

Qualified immunity shields government officials sued in their individual capacities from liability

for civil damages provided that their conduct when committed did not violate "clearly

established statutory or constitutional rights of which a reasonable person would have known."

Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  In order for a right to be "clearly established"

for purposes of assessing entitlement to qualified immunity, "[t]he contours of the right must be

sufficiently clear that a reasonable official would understand that what he is doing violates that

right."  Anderson v. Creighton, 483 U.S. 635, 640 (1987).

When analyzing the issue of qualified immunity, I  consider two factors.  I must

determine whether the plaintiff has sufficiently alleged a violation of a statutory or constitutional

right.  In addition, I must inquire whether the right was clearly established at the time of the violation.  <u>Wilson v. Layne</u>, 526 U.S. 603, 609 (1999); <u>Butler v. City of Prairie Village, Kansas</u>, 172 F.3d 736, 745 (10th Cir. 1999).[3]

A prison official's deliberate indifference to an inmate's serious medical needs violates the inmate's Eighth Amendment right to be free from cruel and unusual punishment.  <u>See</u> <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976).  "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care."  <u>Id.</u> at 104-05.  To establish a claim for deliberate indifference, a plaintiff must prove both an objective component and a subjective component.

The objective component is met if the inmate's medical need is sufficiently serious.  <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994).  A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  <u>Hunt v. Uphoff</u>, 199 F.3d 1220, 1224 (10th Cir.1999) (quoting <u>Ramos v. Lamm</u>, 639 F.2d 559, 575 (10th Cir. 1980)).  The subjective component to a deliberate indifference claim is met if a prison official "knows of and disregards an excessive risk to inmate health or safety."  <u>Farmer</u>, 511 U.S. at 837.  "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  <u>Id.</u>

To survive a motion to dismiss, a plaintiff must allege (1) a sufficiently serious medical need and (2) a sufficiently culpable state of mind.  <u>Riddle v. Mondragon</u>, 83 F.3d 1197, 1205-06

_____

[3]The order in which I may consider these factors is discretionary.  <u>Pearson v. Callahan</u>, 555 U.S.223, 236 (2009).  However, both prongs must be satisfied.  <u>Herrera v. City of Albuquerque</u>, 589 F.3d 1064, 1070 (10th Cir. 2009).

(10th cir. 1996).  Conclusory allegations, without supporting factual averments, are insufficient to state a claim for failure to protect in violation of the Eighth Amendment.  Id. at 1205.

The defendant argues that the plaintiff has not alleged facts to demonstrate a serious medical need under the objective prong of deliberate indifference.  *Motion*, pp. 5-6.  The Tenth Circuit has stated:

> To satisfy the objective component of a deliberate indifference claim arising under the Eighth Amendment, the alleged deprivation must be sufficiently serious to constitute a deprivation of constitutional dimension.  The purpose for this requirement is to limit claims to significant, as opposed to trivial, suffering. Consequently, we look to the alleged injury claimed by the prisoner, and ask whether that harm is sufficiently serious.

Kikumura v. Osagie, 461 F.3d 1269, 1292 (10th Cir. 2006) (overruled on other grounds) (internal quotations and citations omitted) (citing Self v. Crum, 439 F.3d 1227, 1230 (10th Cir. 2006) and Mata v. Saiz, 427 F.3d 745, 753 (10th Cir. 2005)).

The Complaint's only allegation of injury is that after Allred discontinued the Glyburide and the "glucose gel," the plaintiff has nerve impulses that feel like "a frog jumping under [his] skin."  *Complaint*, p. 6.  This allegation, without more, is not sufficient to satisfy the objective prong of deliberate indifference.

The plaintiff has attached to his Complaint copies of his medical records, grievances, and responses to his grievances.  In his grievances, the plaintiff claims that the diabetes medications lower his blood sugar, but his diabetic food sack does not contain enough carbohydrates to treat the low blood sugar.  Id. at pp. 17-22.  He further claims that Health Services has not been checking his blood glucose; on December 2, 2008, he had to press the emergency button at 7:50 a.m. because he suffered low blood sugar "causing [him] sever[e] dizzy spells, trembling and

sweating"; and he did not have a snack to eat because the amount of food in his diabetic recovery sack has been reduced and he cannot afford to buy food at the Commissary. Id. at pp. 26, 30. These allegations arguably are sufficient to meet the objective prong of deliberate indifference.

The defendant also argues that the plaintiff has failed to allege facts to satisfy the subjective prong. *Motion*, pp. 6-9. I agree. Neither the Complaint nor its attachments show that Allred knew of and disregarded an excessive risk to the plaintiff's health when he discontinued the Glyburide and glucose gel; failed to renew the plaintiff's Metformin; reduced the plaintiff's finger stick test for glucose from twice daily three times a week to once a week; and reduced the items in the plaintiff's diabetic recovery sack. To the contrary, the only exhibit which involves Allred is his note to the plaintiff which demonstrates that Allred was evaluating and treating the plaintiff's diabetes:

> The pharmacist was concerned, and brought me your letter asking for refills of glucose tabs. My review of your records do not find that you should need these tabs that often. The finger stick readings that I found showed one reading of 42 in January, and one of 49 in February. Your A1c reveals that your diabetes is well controlled. I find no evidence that you are too high, nor too low on a regular basis. These tabs are for EMERGENCY use - once per quarter - maybe. I do not routinely order this medicine.
>
> I am not going to renew your order. I will be meeting with you in the near future. Please bring your finger stick readings (if you have any) with you then.

*Complaint*, p. 15.

It appear that the plaintiff is, at least in part, complaining because Allred changed the medical treatment which had been prescribed prior to his incarceration at ADX. *Complaint*, p. 4. "[A] prisoner who merely disagrees with . . . a prescribed course of treatment does not state a constitutional violation." Perkins v. Kansas Dept. of Corrections, 165 F.3d 803, 811 (10th Cir.

1999).  "Prison officials violate the Eighth Amendment when they are deliberately indifferent to the serious medical needs of prisoners in their custody.  A negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation."  Id. (internal citation omitted).

The Complaint does not contain any allegations or evidence to plausibly support a claim for deliberate indifference against Allred,  Therefore, I do not address the defendant's remaining arguments.

## IV.  CONCLUSION

I respectfully RECOMMEND that  Defendant's Motion to Dismiss [Doc. #36] be GRANTED and that the Complaint be dismissed in its entirety.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives de novo review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

7

Dated November 16, 2011.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge